BAKER, Chief Judge,
with whom OHLSON, Judge, joins (concurring in the result):
Like the consequence of deportation, sex offender registration is not a criminal sanction, but it is a particularly severe penalty.... Moreover, sex offender registration is intimately related to the criminal process. The automatic result of sex offender registration for certain defendants makes it difficult to divorce the penalty from the conviction.
United States v. Riley, 72 M.J. 115, 120-21 (C.A.A.F.2013) (internal quotation marks omitted). Appendix 4 to Enclosure 2 of Department of Defense Instruction 1325.07[1] makes this point clearly and emphatically:
A Service member who is convicted in a general or special court-martial of any of the offenses listed in Table 4, must register with the appropriate authorities in the jurisdiction ... in which he or she will reside, work, or attend school upon leaving confinement, or upon conviction if not confined.
Emphasis added. Indeed, sex offender registration is required in all fifty states.[2] Sex offender registration also addresses at least four of the recognized purposes of sentencing: rehabilitation of the wrongdoer, punishment of the wrongdoer, protection of society and preservation of good order and discipline.[3] Furthermore, it may be the most significantly stigmatizing and longest lasting effect arising from the fact of conviction. Therefore, in my view, it is not good enough to call it collateral and leave it to the members to sort out what to make of it based on their own perceived, received, and often erroneous understanding of registration. A tailored and appropriate instruction is required. The question raised in this case is how, if at all, should a military judge instruct on the subject in the context of an unsworn statement.
At present, military judges are left to instruct their way through and around the rocks and shoals of inconsistent case law and ambiguous rules. On the one hand, members must give due consideration to an accused’s unsworn statement, which in this case made reference to sex offender registration. Moreover, because sex offender registration is addressed to the purposes of sentencing, in many cases it is also appropriate as mitigation, and potentially as rebuttal. The right to present an unsworn statement is “generally considered unrestricted.” United States v. Rosato, 32 M.J. 93, 96 (C.M.A.1991). On the other hand, as the Court highlights, sex offender registration is a collateral consequence of conviction rather than a conse- *219 quenee of sentencing.[4] United States v. Talkington, 73 M.J. 212, 213 (C.A.A.F.2014). This results in the Court’s conclusion that sex offender registration is collateral and thus inadmissible, and should not be part of their deliberations. Id. at 218.
I would conclude instead that a tailored instruction is warranted, which recognizes the role of the unsworn statement, the fact that registration is intimately related to the criminal process, as well as the fact that sex offender registration is not in fact a sentence imposed at court-martial. The military judge tried to thread this needle. The military judge made a genuine effort to distinguish the reference to sex offender registration contained in the unsworn statement from evidence regarding possible registration as a sex offender. However, this is a legal subtlety likely lost on the lay members of the court-martial. The result was a confusing, if not an inconsistent and contradictory instruction. The members were instructed that “[t]he weight and significance to be attached to an unsworn statement rests within the sound discretion of each court member” and that “you must give it [the unsworn statement] appropriate consideration,” while also being instructed that “whether or not the accused will be or should be registered ... is not a matter before you” and that “use of this limited information is fraught with problems.” This may have unintentionally signaled the members that notwithstanding his previous instruction, they really ought to ignore the reference contained in the unsworn statement altogether. As a result, I would conclude that the instruction was internally inconsistent and confusing and therefore erroneous.
In my view, and as recognized in Riley and Dep’t of Defense Instr. 1325.07, sex offender registration is integral to the penalty landscape for certain sexual offenses. Therefore, an accused should be able to refer to sex offender registration in an unsworn statement with an accompanying instruction at least to the extent that the Dep’t of Defense Instr. 1325.07 addresses the issue. For example, a military judge might make the following instructional references:
Under DOD Instructions, when convicted of certain offenses, including the offenses here, the accused must register as a sex offender with the appropriate authorities in the jurisdiction in which he resides, works, or goes to school.
Sex offender registration is required in all fifty states; however, sex offense registration requirements may differ between jurisdictions. As a result, the registration requirements and the consequences of doing so are not necessarily predictable.
Sex offense registration is a consequence of conviction; however, it is not a sentence adjudged at court-martial. Thus, while the consideration and weight you give the reference in Appellant’s unsworn statement to sex offender registration is up to you and in your discretion, your duty is to determine the criminal sentence to adjudge in this case, if any, for the offenses for which the accused has been found guilty.
This approach avoids the dilemma faced by the military judge in this case of trying to navigate the accused’s right to make an un-sworn statement about a collateral matter that is nonetheless a direct consequence of conviction. As importantly, it prevents the members from applying their own diverse understandings of the sex offender registration requirement.
Having found instructional error, I nonetheless concur in the result. The maximum authorized sentence for Appellant’s convictions included forty-seven years of confinement and a dishonorable discharge. The Government argued for a sentence of not less than three years of confinement and a dishonorable discharge. Manual for Courts-Martial, United States pt. IV, paras. 4.e, 45.f(2), 45.f(5) (2008 ed.) (MCM). The members adjudged eight months of confinement, a bad-conduct discharge, forfeiture of all pay and allowances, and reduction to E-1. Thus, Appellant has not demonstrated sentencing *220 prejudice from any confusion generated by the instruction in this case. Moreover, as the military judge noted, Appellant in fact never did offer evidence that he would have to register under Dep’t of Defense Instr. 1325.07 or relevant state law. Therefore, Appellant was not prejudiced on sentencing and I would affirm.

. See Dep’t of Defense, Instr. 1325.07, Administration of Military Correctional Facilities and Clemency and Parole Authority app. 4 Enclosure 2 (Mar. 11, 2013) [hereinafter Dep’t of Defense Instr. 1325.07],

. The Jacob Wetterling Crimes Against Children and Sexually Violent Offender Registration Act (the Wetterling Act) required all states to implement a sex offender and crimes against children registry. Pub.L. No. 103-322, 108 Stat. 2038 (1994) (codified as amended at 42 U.S.C. § 14071 (2006)), repealed by Sex Offender Registration and Notification Act, Pub.L. No. 109-248 § 129, 120 Stat. 587, 600 (2006). It was enacted as part of the Federal Violent Crime Control and Law Enforcement Act of 1994. Id.

.See United States v. Ohrt, 28 M.J. 301, 305 (C.M.A.1989).

. Therefore, I agree with the Court that Riley, which addressed the providence of a guilty plea, does not stand for the proposition that sex offender status is no longer a collateral consequence for any purpose. Talkington, 73 M.J. at 216.